Cardillo & Corbett
Attorneys for Plaintiff
WEST LINE SHIPPING CO., LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
James P. Rau (JR-7209)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
WEST LINE SHIPPING CO., LTD.,        :
                                     :
                    Plaintiff,       :   ECF
                                     :   **VERIFIED COMPLAINT**
        -against-                    :
                                     :
COSCO LOGISTICS (TIANJIN) CO., LTD., :
                                     :
                    Defendant.       :
------------------------------------x

Plaintiff, WEST LINE SHIPPING CO., LTD., ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, COSCO LOGISTICS (TIANJIN) CO., LTD. ("Defendant") alleges, upon information and belief as follows:

JURISDICTION

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

THE PARTIES

2.   At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with an

address at Room 1501B, No. 620 Zhangyang Road, Shanghai 200120, China.

3. At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Floor 22, Ocean Shipping Plaza, Hebei District, Tianjin, China.

DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. By fixture note dated February 20, 2008 Plaintiff, as disponent owner, chartered the M/V J PEARL (the "Vessel") to Defendant, as Charterer, to carry a cargo of about 2,000 metric tons debar, 1,000 metric tons pipe, 2,000 metric tons cement in bags and 1,340 cubic meters of equipment from three load ports in China to Lobito, Angola (the "Charter Party").

6. The Vessel was detained at the discharge port for 14.875 days as a result of the cargo documents not being ready for berthing and customs clearance. Under the terms of the Charter Party, Defendant is liable to Plaintiff for detention for such reasons at the agreed upon rate of $33,000 per day. The total detention incurred by the Vessel

was $490,875.00.

7. Plaintiff has demanded payment of said detention, but Defendant has failed and refused to pay.

8. By reason of the aforesaid, Plaintiff has suffered damages in the amount of $490,875.00, so near as the same can be presently estimated, no part of which has been paid although duly demanded, and is entitled to interest, cost and attorneys' fees, as set forth bellow.

### HONG KONG ARBITRATION

9. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in Hong Kong. English law is applicable under the Charter Party.

10. Plaintiff reserves the right to demand arbitration from Defendant as authorized by the terms of the Charter Party.

11. Interest, costs and attorney's fees are routinely awarded to the prevailing party by arbitrators in Hong Kong pursuant to English law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

    A. On the principal claim:     $490,875.00

    B. Interest at 6% for 2 years:     $ 58,905.00

      C.     Arbitration fees and
            attorneys' fees:                    $100,000.00

TOTAL:                                            $649,780.00

<u>DEFENDANT NOT FOUND WITHIN THE DISTRICT</u>

    12.  The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

    13.  Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9

U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B.   That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendant,

in the amount of $649,780.00 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

    C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

    D.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
             June 20, 2008

                        CARDILLO & CORBETT
                        Attorneys for Plaintiff
                        WEST LINE SHIPPING CO., LTD.

By: _____
    James P. Rau (JR 7209)

    Office and P.O. Address
    29 Broadway, Suite 1710
    New York, New York 10006
    Tel: (212) 344-0464
    Fax: (212) 797-1212

## ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

1. My name is James P. Rau.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on

behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 20th day
of June, 2008

_____
NOTARY PUBLIC

**TULIO R. PRIETO**
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010